**ARRINGTON v. LAYDEN et al.   (No. 1455.)**

(Court of Civil Appeals of Texas. Texarkana. April 8, 1915.)

BROKERS ☞88—ACTIONS FOR COMPENSATION —ISSUES—INSTRUCTIONS.

Where a broker sought to recover compensation for procuring a purchaser of property, pursuant to a contract of employment made by the wife of the owner as his agent, and the wife denied the employment, and the owner denied her authority to act for him, the action of the court in charging that if the broker rendered the services, the owner was liable, and in refusing to charge that, to warrant a recovery, it must appear that the owner authorized his wife to employ the broker, or knew of the employment and approved it, or did not seasonably disaffirm it, was reversible error.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 121, 123–130; Dec. Dig. ☞88.]

Appeal from District Court, Dallas County; J. C. Roberts, Judge.

Action by M. M. Layden and another against P. B. Arrington. From a judgment for plaintiffs, defendant appeals. Reversed and remanded for new trial.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

D. A. Frank and S. P. English, both of Dallas, for appellant. Dabney & Townsend, of Dallas, for appellees.

LEVY, J. Appellees, real estate brokers, sued appellant, owner of a house and lot, to recover the reasonable value of services rendered in procuring a sale of the house and lot. It was alleged that the appellant, on or about February 24, 1913, acting by and through his wife, his duly authorized agent, listed the property with the appellees and employed them to find a purchaser therefor at the price of $20,000. Appellant denied the allegations, and particularly averred that his wife was not his agent, and that she did not list the property with and did not employ appellees, and, further, that appellees did not procure a purchaser. The case was tried to a jury, and verdict was for appellees.

The court's charge in the third paragraph authorized a recovery in favor of the plaintiffs for the value of the services rendered upon the finding by the jury "that plaintiffs rendered services as alleged in the petition, and that the defendant was enabled thereby, or through plaintiffs' instrumentality, to dispose of his property." The appellant seasonably objected to the instruction upon the ground that it assumed that services were rendered under contract or request of appellant, when there was an issue of fact in respect thereto. And appellant seasonably requested a special charge to the effect, in substance, that to warrant a recovery by appellees on account of the listing of the property by the wife of appellant, if she did so, it must appear that the appellant authorized his wife to list the property for sale, or knew of the listing of same and approved it, or, knowing of it, did not in reasonable time disaffirm it. Appellees alleged a contract of employment through the wife as appellant's duly authorized agent. One of the appellees testified that appellant's wife listed the property with his firm and employed them to get a customer. The wife denied this, and appellant denied that she was authorized to list the property for him, as alleged.

In view of the pleading and evidence, there was error, it is concluded, in failing to properly submit to the jury the issue complained of in the assignments in hand, requiring reversal of the judgment and remanding of the cause for another trial.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes